## Trust Companies' Credit to State Contractors.

*Corporations—Trust companies—Credit to State highway contractors— Recommendations to State Highway Department.*

1. It is improper for trust companies to address communications to the State Highway Department to the effect that they stand ready to extend credit to highway contractors so that they may complete their work.

2. Such letters are offers to assume risks that no Pennsylvania bank or trust company should assume.

3. The Secretary of Banking has ample authority to require banks or trust companies to desist from writing such communications, even if their only intent is to express confidence in the financial ability of the contractors in question.

Department of Justice. Opinion to Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., Aug. 30, 1926.—You have requested an opinion as to your authority and duty with regard to a practice which has sprung

up among banks and trust companies in Pennsylvania, whereby such institutions undertake to extend credit to contractors to whom the State Department of Highways awards contracts covering the construction of sections of State highways. The usual way in which this arrangement is made is for the bank or trust company to write to the State Department of Highways a letter in substantially the following form:

"Gentlemen: We understand that you are about to award a contract to ——————————, covering the construction of a section of State highway on Route No. ——, Township ————, County.

"In the prosecution of the above referred to project our institution stands ready, if necessary, to extend to this firm a line of credit to complete the work."

Such letters are imprudent, as they readily create the impression that the institutions whose officers write them are willing to take risks that no Pennsylvania bank or trust company should assume if the safety of its depositors is to be foremost in its policy.

In the course of your supervision of banks and trust companies you have on more than one occasion found that the capital of such institutions has been impaired because of the completion of such work after the contractor has failed to do so. In those instances of impairment it was necessary for the directors of the institutions involved personally to make good the impaired capital.

The situation which you present is one which should be approached in the light of the duty which is laid upon you in the Banking Act of June 15, 1923, P. L. 809, "of taking care that the laws of this Commonwealth in relation thereto shall be faithfully executed, and that the greatest safety to depositors therein or therewith or other interested persons shall be afforded." And by that act your supervisory duties and powers are extended to apply to all banking, quasi-banking and trust companies doing business in this State. .

The real question involved in your inquiry is whether, in view of the legislation just recited, you may refrain from ordering banks and trust companies which issue such letters as have been substantially set forth above to cease and desist from so doing.

While there is a marked difference, both in history and in functioning, between banks and trust companies, "What they have in common is that they both receive deposits which they put out at interest so that dividends or profits may be earned for the shareholders:" De Haven v. Pratt, 223 Pa. 633-35.

Although banks are much more ancient than trust companies, it has been uniformly held that a bank cannot be an accommodation endorser or acceptor nor be surety for another in any business in which it is not interested and can derive no profit; as, for example, the guarantee of a building contract: 1 Morse on Banks and Banking, § 65.

In Pennsylvania, under the Act of May 13, 1876, P. L. 161, the powers of State banks with regard to loans are limited to "all such powers as may be necessary to carry on the business of banking by loaning money, discounting, selling, buying or negotiating promissory notes, drafts, coin and bullion bills of exchange and all other written evidences of debt and specialties."

The Act of 1876, with several supplements which do not affect the present inquiry, is still in force. It indicates the fundamental difference between banks and trust companies, which has nowhere been better set forth than in De Haven v. Pratt, 223 Pa. 633-35, as follows: "Banks deal primarily with merchants, trust companies with all classes without distinction. Banks loan on personal credit; trust companies on the security of pledged collaterals.

Banks take the risk of the business success of mercantile enterprises, while trust companies incur only the risk of a decline in investment values. Banks actively promote commerce, while trust companies manage investments."

Since it is money, not credit, that a bank is to lend, it is perfectly obvious that no bank falling under your supervisory powers has any authority, either express or implied, to issue any such letter as you have laid before this department.

As to trust companies, it is to be remembered that in their present status these institutions have all originated and developed since 1874, when the present Constitution of Pennsylvania went into effect. Prior to that time there were a few corporations called trust companies created by special acts of assembly, and such of these institutions as are still in existence are governed by their charters, subject to the ever-growing police power of the Commonwealth. Since 1874 modern trust companies have developed as an off-shoot from title insurance companies, whose incorporation was first authorized in paragraph 29 of section 19 of the General Corporation Act of 1874. By successive pieces of legislation, beginning in 1881, and particularly including the Act of May 9, 1889, P. L. 159, such institutions have had their powers increased, but they have not been authorized to loan their credit to business enterprises.

Giving weight to the proper distinction between banks and trust companies, it is just as apparent that the latter are without lawful authority to pursue the practice which you have laid before this department as are the banks and the banking companies that are under your supervision.

You are, therefore, advised that under the Banking Act of 1923, hereinbefore referred to, you have ample authority and power to require either banks, banking institutions or trust companies to abandon the practice of expressing their willingness to furnish credit to contractors with the State Highway Department in order that the work of these contractors may be carried on, even though such expressions are merely intended to express confidence in the contractors or to inform the Highway Department that the persons, firms or corporations with which it proposes to contract are solvent and entitled to credit. From C. P. Addams, Harrisburg, Pa.